UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) CHAPTER 13 |
| CHRISTOPHER DeVANY, | ) CASE NO. 10-10397-WCH |
| Debtor. | ) |

### NOTICE OF INTENDED PRIVATE SALE OF ESTATE PROPERTY FREE AND CLEAR OF LIENS AND INTERESTS, DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS AND HEARING DATE

To Creditors and Parties in Interest:

NOTICE IS HEREBY GIVEN, pursuant to 11 U.S.C. Section 363, Fed. R. Bankr. Pro. 2002(a)(2) and 6004 and MLBR Rule 2002-5 and 6004-1, that the Debtor intends to sell at private sale all of her right, title and interest in certain Property of the estate consisting of the real estate located at 71 Moore Road, Wayland, Massachusetts, (the "Property"), free and clear of all liens and interests.

1. The Debtor and the Debtor's (non-debtor) spouse have received an offer to purchase the Property for the amount of $625,000.00 from Jonathan J. Markarian and Larissa M. Markarian, c/o Michael Gatlin, Esq., 61 Nichols Road, Littleton, Suite B5, Framingham, MA 01701. The Debtor's spouse has marketed the property for sale through a real estate broker and the debtor believes this is the highest offer received to date.

2. The sale shall take place after the U. S. Bankruptcy Court enters an Order allowing the sale. The terms of the proposed sale are contained in the Motion of Debtor for Authority to Sell Real Property Free And Clear Of Liens (the "Motion to Approve Sale") filed with this Court on or about May 6, 2010 and a written Purchase and Sale

Agreement dated April 30, 2010. The Motion to Approve Sale and the Purchase and Sale Agreement are available upon request from the undersigned.

3. Any perfected, enforceable valid liens shall attach to the proceeds of the sale according to priorities established under applicable law.

4. Any objections to the sale and/or higher offers shall be filed in writing with the Clerk, United States Bankruptcy Court, John W. McCormack Federal Post Office And Courthouse, 5 Post Office Square, Suite 1150, Boston, MA, 02109 on or before June 7, 2010, at 4:30 a.m./p.m. (the "Objection Deadline"). A copy of any objection or higher offer also shall be served upon the undersigned. Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized. Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014.

5. Through this Notice, higher offers for the real estate are hereby solicited. Any higher offers must be for at least $10,000.00 more than the purchase price of $505,000.00 and must be accompanied by a cash deposit of $10,000.00 in the form of a certified or bank check made payable to the undersigned. Higher offers must be on the same terms and conditions provided in the Purchase and Sale Agreement, other than the purchase price.

6. A Hearing on the Motion to Approve Sale, Objections or Higher Offers is scheduled to take place on June 10, 2010 at 9:30 a.m./p.m. before the Honorable William C. Hillman, United States Bankruptcy Judge, Courtroom 2, at the United States Bankruptcy Court, John W. McCormack Federal Post Office And Courthouse, 5 Post Office Square, Suite 1150, Boston, MA, 02109.

Any party who has filed an objection or higher offer is expected to be present at the hearing, failing which the objection will be overruled or the higher offer stricken. If no objection to the Motion to Approve Sale or higher offer is timely filed, the Bankruptcy Court, in its discretion, may cancel the scheduled hearing and approve the sale without a hearing.

7. At the hearing on the sale the court may, (1) consider any requests to strike a higher offer, (2) determine further terms and conditions of the sale, (3) determine the requirements for further competitive bidding, (4) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror, and (5) take evidence at any sale hearing to determine issues of fact.

8. The deposit will be forfeited to the estate if the successful purchaser fails to complete the sale by the date ordered by the Court. If the sale is not completed by the purchaser approved by the Court, the Court, without further hearing, may approve the sale of the real estate assets to the next highest bidder.

9. Any questions concerning the intended sale shall be addressed to the undersigned.

                                      Respectfully submitted,
                                      Christopher DeVany,
                                      By his counsel,

                                      /s/ Andrew Evans, Esq.
                                      Andrew Evans, Esq. (BBO # 556403)
                                      Evans & Evans
                                      58 Main St.
                                      Topsfield, MA 01983
                                      (978) 887 2166 x 203